UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ **18 - 20312** CR-COOKE /GOODMAN

18 U.S.C. § 371
18 U.S.C. § 1956(h)
15 U.S.C. § 78dd-2, 78dd-3
18 U.S.C. § 1956(a)(2)(A)
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)



FILED by _____ D.C.

APR 1 9 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

vs.

**FRANK ROBERTO CHATBURN RIPALDA**
and
**JOSE LARREA,**

          **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment, unless otherwise specified:

## GENERAL ALLEGATIONS

1.     Defendant **FRANK ROBERTO CHATBURN RIPALDA** was a dual United States and Ecuadorian citizen who resided in the Southern District of Florida. **RIPALDA** was a "domestic concern" and a "United States person" as those terms are defined in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(1) and (i)(2), respectively.

2.     Defendant **JOSE LARREA** was a United States citizen who resided in the Southern District of Florida.

3.       Empresa Publica de Hidrocarburos del Ecuador ("PetroEcuador") was the state-owned oil company of Ecuador.    PetroEcuador was wholly-owned and controlled by the government of Ecuador and performed a function that Ecuador treated as its own, and thus was an "instrumentality" of the Ecuadorian government as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A), 78dd-3(f)(2)(A).

4.       GalileoEnergy S.A. ("Galileo") was an Ecuadorian company that provided services in the oil and gas industry, including to PetroEcuador.

5.       Denfield Investments Inc. ("Denfield") was a Panamanian shell company that **FRANK ROBERTO CHATBURN RIPALDA** helped to procure in or about 2012 for the purpose of receiving profits for the beneficial owner of Galileo.

6.       "PetroEcuador Official," an individual whose identity is known to the Grand Jury, was an employee of PetroEcuador from at least 2013 through at least 2016. PetroEcuador Official was a "foreign official" as that term is defined in the FCPA, Title 15 United States Code, Sections 78dd-2(h)(2)(A), 78dd-3(f)(2)(A).

7.       "Intermediary Company," a company whose identity is known to the Grand Jury, was an escrow agent formed and registered in the British Virgin Islands. Intermediary Company held an account at a bank in the Cayman Islands. **FRANK ROBERTO CHATBURN RIPALDA** had the ability to direct funds into and out of the Cayman Islands account of Intermediary Company.

## COUNT 1
### CONSPIRACY TO VIOLATE THE FCPA
### (18 U.S.C. § 371)

1.       The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      From in or around 2013, through in or around 2015, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANK ROBERTO CHATBURN RIPALDA**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly, combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury:

(a) being a domestic concern, to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official or to a person, while knowing that all or part of such money or thing of value would be and had been offered, given, or promised to a foreign official, for purposes of: (i) influencing acts or decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do or omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; or (iv) inducing such foreign official to use his or her influence with a foreign government or agencies or instrumentalities thereof to affect or influence acts or decisions of such government or agencies or instrumentalities, in order to assist **FRANK ROBERTO CHATBURN RIPALDA** and others in obtaining and retaining business for and with, and directing business to, **RIPALDA**, Galileo, and others, in violation of Title 15, United States Code, Section 78dd-2(a);

(b) being a United States person, to willfully and corruptly make an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official or to a person, while knowing that all or part of such money or thing of value would be and had been offered, given, or promised

3

to a foreign official, for purposes of: (i) influencing acts or decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do or omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; or (iv) inducing such foreign official to use his or her influence with a foreign government or agencies or instrumentalities thereof to affect or influence acts or decisions of such government or agencies or instrumentalities, in order to assist **FRANK ROBERTO CHATBURN RIPALDA** and others in obtaining and retaining business for and with, and directing business to, **RIPALDA**, Galileo, and others, in violation of Title 15, United States Code, Section 78dd-2(i); and

(c) while in the territory of the United States, to willfully and corruptly make use of the mails and a means and instrumentality of interstate commerce and to do any other act in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist Galileo and others in obtaining and retaining business for and with **FRANK ROBERTO CHATBURN RIPALDA**, Galileo, and others, in violation of Title 15, United States Code, Section 78dd-3.

4

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators to unlawfully enrich themselves by making corrupt payments to PetroEcuador officials in order to obtain and retain contracts for Galileo from PetroEcuador.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

4.      **FRANK ROBERTO CHATBURN RIPALDA**, together with his co-conspirators, discussed in person, via email, and via telephone, the need to and their agreement to pay bribes to secure and retain contracts from PetroEcuador and to obtain payments on those contracts.

5.      **FRANK ROBERTO CHATBURN RIPALDA**, together with his co-conspirators, discussed in person, via email, and via telephone, the manner and means by which they would pay bribes to officials at PetroEcuador to secure and retain contracts from PetroEcuador and to obtain payments on those contracts, including via wire transfers.

6.      For a fee, **FRANK ROBERTO CHATBURN RIPALDA**, together with his co-conspirators, attempted to conceal the bribe payments by using intermediaries, including Intermediary Company and Denfield, to funnel the payments to the PetroEcuador officials, and by helping two PetroEcuador officials set up offshore shell corporations and opening Swiss bank accounts for the purpose of concealing bribe payments the officials received.

7.      From in or around 2013, through in or around 2015, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators facilitated bribe payments to PetroEcuador

officials totaling approximately $3,270,980.

8.       Between in or around 2013 and in or around 2016, PetroEcuador paid Galileo approximately $27.8 million on contracts that it obtained and retained through bribes into accounts designated by **FRANK ROBERTO CHATBURN RIPALDA**.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and cause to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.       On or about January 17, 2013, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $50,000 to be sent from Intermediary Company's Cayman Islands account to a bank account in Panama held in the name of a shell company controlled by PetroEcuador Official.

2.       On or about January 17, 2013, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $250,000 to be sent from Intermediary Company's Cayman Islands account to a bank account in Panama held in the name of an individual, as requested by PetroEcuador Official.

3.       On or about February 27, 2013, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $700,000 to be sent from Intermediary Company's Cayman Islands account to a bank account in the United States held by an intermediary company based in Miami, Florida, as designated by PetroEcuador Official.

4.       On or about May 8, 2014, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $620,080 to be sent from Denfield's bank account in Panama to a bank account in the United States held in the name of a

law firm based in Miami, Florida.

5.    In or around November 2014, in a restaurant in Miami, Florida, **FRANK ROBERTO CHATBURN RIPALDA** discussed, with a co-conspirator, prior bribe payments that had been made to PetroEcuador officials and possible future bribe payments that would be made based on additional contracts that Galileo expected to receive from PetroEcuador.

6.    On or about August 7, 2015, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $150,000 to be sent from Denfield's bank account in the Cayman Islands to a bank account in Panama held in the name of a shell company controlled by PetroEcuador Official.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## CONSPIRACY TO COMMIT MONEY LAUNDERING
### (18 U.S.C. § 1956(h))

1.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.    From in or around January 2013, through in or around February 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FRANK ROBERTO CHATBURN RIPALDA**
**and**
**JOSE LARREA,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to knowingly conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful

activity, and knowing that the transaction was designed in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of, Title 15, United States Code, Sections 78dd-2 and 78dd-3, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3
## FOREIGN CORRUPT PRACTICES ACT
### (15 U.S.C. § 78dd-2)

1.      The allegations set forth in Paragraphs 1 through 7 and 10 through 23 are re-alleged and incorporated by reference as if fully set forth herein.

2.      From in or around at about January 2013, through in or around August 2015, in Miami-Dade County, in Southern District of Florida, and elsewhere, the defendant,

**FRANK ROBERTO CHATBURN RIPALDA,**

being a domestic concern, and an officer, director, employee, agent, and stockholder of a domestic concern, did willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all, or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to

assist **FRANK ROBERTO CHATBURN RIPALDA** and others in obtaining and retaining business for and with, and directing business to **FRANK ROBERTO CHATBURN RIPALDA** and Galileo, as follows:

| COUNT | APPROX. DATE OF TRANSACTION | USE OF INSTRUMENTALITY OF INTERSTATE AND FOREIGN COMMERCE |
|-------|------------------------------|-----------------------------------------------------------|
| 3 | August 7, 2015 | **FRANK ROBERTO CHATBURN RIPALDA** caused and aided and abetted the wire transfer of $150,000 from Denfield's Cayman Islands account to a bank account designated by PetroEcuador Official in Panama in the name of a shell company of PetroEcuador Official |

In violation of Title 15, United States Code, Section 78dd-2 and Title 18, United States Code, Section 2.

## COUNTS 4-5
## MONEY LAUNDERING
## (18 U.S.C. § 1956(a)(2)(A))

The allegations set forth in Paragraphs 1 through 7 and 10 through 23 are re-alleged and incorporated by reference as if fully set forth herein.

On or about the dates set forth below, in the Southern District of Florida and elsewhere, the defendant,

**FRANK ROBERTO CHATBURN RIPALDA,**

knowingly transported, transmitted, and transferred a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States, from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of, Title 15, United States Code, Section 78dd-2, as follows:

9

| COUNT | APPROX. DATE OF TRANSACTION | USE OF INSTRUMENTALITY OF INTERSTATE AND FOREIGN COMMERCE |
|---|---|---|
| 4 | February 27, 2013 | **FRANK ROBERTO CHATBURN RIPALDA** caused and aided and abetted the wire transfer of $700,000 from Intermediary Company's Cayman Islands account to a U.S. bank account in Miami, Florida in the name of a Miami-based intermediary company designated by PetroEcuador Official to promote the carrying on of the bribery scheme. |
| 5 | May 8, 2014 | **FRANK ROBERTO CHATBURN RIPALDA** caused and aided and abetted the wire transfer of approximately $620,080 from Denfield's bank account in Panama to a United States bank account in Miami, Florida in the name of law firm based in Miami, Florida to promote the carrying on of the bribery scheme. |

All in violation of Title 18, United States Code §§ 1956(a)(2)(A) and 2.

## FORFEITURE
### (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1))

1.      The allegations in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which defendants **FRANK ROBERTO CHATBURN RIPALDA** and **JOSE LARREA** have an interest.

2.      Upon conviction of a violation of Title 15, United States Code, Sections 78dd-2 and/or 78dd-3, or conspiracy to commit such offense, as alleged in this Indictment, the defendants so convicted shall each forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), which is made criminally applicable by Title 28, United States Code, Section 2461(c).

3.      Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendants so convicted shall each forfeit to the United States any

property, real or personal, that is involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.    If any property subject to forfeiture, as a result of any act or omission of a defendant:

    a.   cannot be located upon the exercise of due diligence,

    b.   has been transferred or sold to, or deposited with, a third party,

    c.   has been placed beyond the jurisdiction of the Court,

    d.   has been substantially diminished in value, or

    e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

5.    The substitute property subject to forfeiture includes, but is not limited to:

    (i)    Real property located at 321 W. Rivo Alto Dr., Miami Beach, FL 33139; and (ii) Real property located at 2627 S. Bayshore Dr., Unit 1006, Miami, FL 33133.

.

All pursuant to Title 18, United States Code, Section 982(a)(1) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

FOREPERSON

_____

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By: _____

KAREN E. ROCHLIN
ASSISTANT UNITED STATES ATTORNEY


SANDRA L. MOSER, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By: _____

LORINDA LARYEA, TRIAL ATTORNEY
DAVID FUHR, TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION


DEBORAH L. CONNOR, ACTING CHIEF
CRIMINAL DIVISION, MONEY LAUNDERING
& ASSET RECOVERY SECTION
U.S. DEPARTMENT OF JUSTICE

By: _____

RANDALL WARDEN, TRIAL ATTORNEY
MARYANN MCCARTHY, TRIAL ATTORNEY
CRIMINAL DIVISION, MONEY LAUNDERING
& ASSET RECOVERY SECTION
U. S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

FRANK ROBERTO CHATBURN RIPALDA
and JOSE LARREA

Defendants.
_____ /

CASE NO.  _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

| | | | | |
|---|---|---|---|---|
| _X_ | Miami | ____ Key West | | |
| ____ | FTL | ____ WPB | ___ FTP | |

New Defendant(s)             Yes ____   No ____
Number of New Defendants     ____
Total number of counts       ____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:     (Yes or No)     NO
     List language and/or dialect     _____

4.   This case will take     10     days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                                  (Check only one)

| I | 0 to 5 days | _____ | Petty | _____ |
|---|---|---|---|---|
| II | 6 to 10 days | X | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | _____ | | |

6.   Has this case been previously filed in this District Court?   (Yes or No)   NO
If yes:
Judge:                                    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?     (Yes or No)     NO
If yes:
Magistrate Case No.               _____
Related Miscellaneous numbers:    _____
Defendant(s) in federal custody as of   _____
Defendant(s) in state custody as of     _____
Rule 20 from the District of      _____
Is this a potential death penalty case? (Yes or No)     NO

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     Yes _____     No _X_

_____
KAREN ROCHLIN
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500050

*Penalty Sheet(s) attached

REV 5/3/17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: FRANK ROBERTO CHATBURN RIPALDA

**Case No**: _____

Count #1:

Conspiracy to Violate the FCPA

Title 18, United States Code, 371

**\*Max. Penalty:** Five (5) years' imprisonment

Count #2:

Conspiracy to Commit Money Laundering

Title 18, United States Code, 1956(h)

**\*Max. Penalty:** Twenty (20) years' imprisonment

Count #3:

Foreign Corrupt Practices Act

Title 15, United States Code, 78dd-2

**\*Max. Penalty:** Five (5) years' imprisonment as to each count

Counts #4-5:

Money Laundering

Title 18, United States Code, 1956(a)(2)(A)

**\*Max. Penalty:** Twenty (20) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**: JOSE LARREA

**Case No**: _____

Count #2:

Conspiracy to Commit Money Laundering

Title 18, United States Code, 1956(h)

**\*Max. Penalty:** Twenty (20) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**