UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>18-20312-CR-COOKE(s)</u>
18 U.S.C. § 371
18 U.S.C. § 1956(h)
15 U.S.C. § 78dd-2, 78dd-3
18 U.S.C. § 1956(a)(2)(A)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)



UNITED STATES OF AMERICA

vs.

**FRANK ROBERTO CHATBURN RIPALDA,**

        Defendant.

_____/

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

At all times relevant to this Superseding Indictment, unless otherwise specified:

### GENERAL ALLEGATIONS

1. Defendant **FRANK ROBERTO CHATBURN RIPALDA** was a dual United States and Ecuadorian citizen who resided in the Southern District of Florida. **CHATBURN** was a "domestic concern" and a "United States person" as those terms are defined in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(1) and (i)(2), respectively.

2. Empresa Publica de Hidrocarburos del Ecuador ("PetroEcuador") was the state-owned oil company of Ecuador. PetroEcuador was wholly-owned and controlled by the government of Ecuador and performed a function that Ecuador treated as its own, and thus was an "instrumentality" of the Ecuadorian government as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3.

3. Refinería del Pacífico Eloy Alfaro RDP-CEM ("RDP") was owned by PetroEcuador and Venezuela's national oil company, Petróleos de Venezuela, S.A. RDP was created in 2008 to design, build and place into operation a refining and petrochemical complex in Manabi Province, Ecuador. RDP was controlled by Ecuador and performed government functions, and thus was an "agency" and "instrumentality" of a foreign government, as those terms are used in the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3.

4. GalileoEnergy S.A. ("Galileo") was an Ecuadorian company that provided services in the oil and gas industry, including to PetroEcuador.

5. Odebrecht S.A. was a Brazilian holding company that, through its subsidiaries and companies in which it was a majority shareholder (collectively "Odebrecht"), conducted business in multiple industries, including engineering, construction, infrastructure, energy, chemicals, utilities and real estate. Odebrecht had its headquarters in Salvador, state of Bahia, Brazil, and operated in at least 27 other countries, including the United States and Ecuador.

6. "Odebrecht Executive," an individual whose identity is known to the Grand Jury, was a senior manager at Odebrecht from 2010 to 2016, whose regional responsibility included Ecuador during the relevant time period.

7. Denfield Investments Inc. ("Denfield") was a Panamanian shell company that **FRANK ROBERTO CHATBURN RIPALDA** helped to procure in or about 2012 for the purpose of receiving profits for the beneficial owner of Galileo.

8. "PetroEcuador Official," an individual whose identity is known to the Grand Jury, was an employee of PetroEcuador from at least 2013 through at least 2016. PetroEcuador Official was a "foreign official" as that term is defined in the FCPA, Title 15 United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

9. "Ecuador Senior Official," an individual whose identity is known to the Grand Jury, was a government official of Ecuador who served in various functions from at least 2012 through at least 2016, including in senior roles at RDP, the ministry of hydrocarbons, and PetroEcuador. Ecuador Senior Official was a "foreign official" as that term is defined in the FCPA, Title 15 United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

10. "Panamanian Shell Company 1," a company whose identity is known to the Grand Jury, was a shell company beneficially owned by Ecuador Senior Official, into which **FRANK ROBERTO CHATBURN RIPALDA** caused payments from Odebrecht to be made for the benefit of Ecuador Senior Official.

11. "Panamanian Shell Company 2," a company whose identity is known to the Grand Jury, was a Panamanian company associated with **FRANK ROBERTO CHATBURN RIPALDA** and was used to transact payments for the benefit of Ecuador Senior Official.

12. "Financial Company," a company whose identity is known to the Grand Jury, was a financial factoring company based in the Southern District of Florida that was associated with **FRANK ROBERTO CHATBURN RIPALDA** and was used to transact payments for the benefit of Ecuador Senior Official.

13. "Intermediary Company," a company whose identity is known to the Grand Jury, was an escrow agent formed and registered in the British Virgin Islands. Intermediary Company held an account at a bank in the Cayman Islands (the "Cayman Islands account"). **FRANK ROBERTO CHATBURN RIPALDA** had the ability to direct funds into and out of the Cayman Islands account of Intermediary Company.

## COUNT 1
## CONSPIRACY TO VIOLATE THE FCPA
## (18 U.S.C. § 371)

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around 2013, through in or around 2016, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANK ROBERTO CHATBURN RIPALDA,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly, combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit an offense against the United States, to wit:

(a) being a domestic concern, to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official or to a person, while knowing that all or part of such money or thing of value would be and had been offered, given, or promised to a foreign official, for purposes of (i) influencing acts or decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do or omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; or (iv) inducing such foreign official to use his or her influence with a foreign government or agencies or instrumentalities thereof to affect or influence acts or decisions of such government or agencies or instrumentalities, in order assist **FRANK ROBERTO CHATBURN RIPALDA** and others in obtaining and retaining business for and with, and directing business to, **CHATBURN**, Galileo, and others, in violation of Title 15,

4

United States Code, Section 78dd-2(a);

(b) being a United States person, to willfully and corruptly make an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official or to a person, while knowing that all or part of such money or thing of value would be and had been offered, given, or promised to a foreign official, for purposes of (i) influencing acts or decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do or omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; or (iv) inducing such foreign official to use his or her influence with a foreign government or agencies or instrumentalities thereof to affect or influence acts or decisions of such government or agencies or instrumentalities, in order assist **FRANK ROBERTO CHATBURN RIPALDA** and others in obtaining and retaining business for and with, and directing business to, **CHATBURN**, Galileo, and others, in violation of Title 15, United States Code, Section 78dd-2(i); and

(c) as an agent of a foreign corporation, while in the territory of the United States, to willfully and corruptly make use of the mails and a means and instrumentality of interstate commerce and to do any other act in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities

5

thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist Galileo and others in obtaining and retaining business for and with **FRANK ROBERTO CHATBURN RIPALDA**, Galileo, and others, in violation of Title 15, United States Code, Section 78dd-3.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators to unlawfully enrich themselves by making corrupt payments to PetroEcuador officials in order to obtain and retain contracts for Galileo from PetroEcuador.

## MANNER AND MEANS OF THE CONSPIRACY

4. The manner and means by which **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators sought to accomplish the purposes of the conspiracy included, among other things, the following:

5. **FRANK ROBERTO CHATBURN RIPALDA**, together with his co-conspirators, discussed in person, via email, and via telephone the need to and their agreement to pay bribes to secure and retain contracts from PetroEcuador and to obtain payments on those contracts.

6. **FRANK ROBERTO CHATBURN RIPALDA**, together with his co-conspirators, discussed in person, via email, and via telephone the manner and means by which they would pay bribes to officials at PetroEcuador to secure and retain contracts from PetroEcuador and to obtain payments on those contracts, including via wire transfers.

7. **FRANK ROBERTO CHATBURN RIPALDA**, together with his co-conspirators, attempted to conceal the bribe payments, for a fee, by using intermediaries, including Intermediary Company and Denfield, to funnel the payments to the PetroEcuador officials, and by helping two

PetroEcuador officials set up offshore shell corporations and opening Swiss bank accounts for the purpose of concealing bribe payments the officials received.

8.  **FRANK ROBERTO CHATBURN RIPALDA**, together with his co-conspirators, facilitated bribe payments to PetroEcuador officials totaling at least approximately $3,270,980 from in or around 2013 through in or around 2015.

9.  Between in or around 2013, and in or around 2016, PetroEcuador paid Galileo approximately $27.8 million on contracts that it obtained and retained through bribes into accounts designated by **FRANK ROBERTO CHATBURN RIPALDA**.

## OVERT ACTS

1.  In furtherance of the conspiracy and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

2.  On or about January 17, 2013, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $50,000 to be sent from Intermediary Company's Cayman Islands account to a bank account in Panama held in the name of a shell company controlled by PetroEcuador Official.

3.  On or about January 17, 2013, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $250,000 to be sent from Intermediary Company's Cayman Islands account to a bank account in Panama held in the name of an individual, as requested by PetroEcuador Official.

4.  On or about February 27, 2013, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $700,000 to be sent

from Intermediary Company's Cayman Islands account to a U.S. bank account in the United States held by an intermediary company based in Miami, Florida, as designated by PetroEcuador Official.

5. On or about May 8, 2014, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $620,080 to be sent from Denfield's bank account in Panama to a bank account in the United States held in the name of a law firm based in Miami, Florida.

6. In or around November 2014, in a restaurant in Miami, Florida, **FRANK ROBERTO CHATBURN RIPALDA** discussed, with a co-conspirator, prior bribe payments that had been made to PetroEcuador officials and possible future bribe payments that would be made based on additional contracts that Galileo expected to receive from PetroEcuador.

7. On or about August 7, 2015, **FRANK ROBERTO CHATBURN RIPALDA** and his co-conspirators caused a wire transfer in the amount of approximately $150,000 to be sent from Denfield's bank account in the Cayman Islands to a bank account in Panama held in the name of a shell company controlled by PetroEcuador Official.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### CONSPIRACY TO COMMIT MONEY LAUNDERING
### (18 U.S.C. § 1956(h))

1. The General Allegations section of this Superseding Indictment and the allegations in paragraphs 3 through 9 and Overt Acts 1 through 7 of Count 1 are re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around January 2013, through in or around February 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANK ROBERTO CHATBURN RIPALDA,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

    a. to knowingly conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, namely, the bribery of PetroEcuador Official and others by Galileo, in violation of Title 15, United States Code, Sections 78dd-2 and 78dd-3 and the Ecuadorian Penal Code prohibiting bribery of a public official, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    b. to transport, transmit and transfer a monetary instrument and funds to and through a place in the United States from a place outside the United States, and from a place in the United States to and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 15, United States Code, Sections 78dd-2 and 78dd-3 and the Ecuadorian Penal Code prohibiting bribery of a public official, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3
## CONSPIRACY TO COMMIT MONEY LAUNDERING
## (18 U.S.C. § 1956(h))

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around January 2013, through in or around September 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANK ROBERTO CHATBURN RIPALDA,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to knowingly conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, namely, the bribery of Ecuador Senior Official and others by Odebrecht in violation of the Ecuadorian Penal Code prohibiting bribery of a public official, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 4-5
## FOREIGN CORRUPT PRACTICES ACT
## (15 U.S.C. § 78dd-2)

1. The allegations set forth in the General Allegations section of this Superseding Indictment and the allegations in paragraphs 3 through 9 and Overt Acts 1 through 7 of Count 1 are re-alleged and incorporated by reference as if fully set forth herein.

2.  From in or around about January 2013, through in or around August 2015, in Miami-Dade County, in Southern District of Florida, and elsewhere, the defendant,

**FRANK ROBERTO CHATBURN RIPALDA,**

being a United States person, to willfully and corruptly make an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official or to a person, while knowing that all or part of such money or thing of value would be and had been offered, given, or promised to a foreign official, for purposes of (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist **FRANK ROBERTO CHATBURN RIPALDA** and others in obtaining and retaining business for and with, and directing business to **CHATBURN** and Galileo, as follows:

| COUNT | APPROX. DATE OF TRANSACTION | MEANS AND INSTRUMENTALITIES OF INTERSTATE AND FOREIGN COMMERCE |
|---|---|---|
| 4 | August 7, 2015 | **FRANK ROBERTO CHATBURN RIPALDA** caused and aided and abetted the wire transfer of $150,000 from Denfield's Cayman Islands account to a bank account designated by PetroEcuador Official in Panama in the name of a shell company of PetroEcuador Official. |
| 5 | August 31, 2015 | **FRANK ROBERTO CHATBURN RIPALDA** caused and aided and abetted the wire transfer of $150,000 from Denfield's Cayman Islands account to a bank account designated by PetroEcuador Official in Panama in the name of a shell company of PetroEcuador Official. |

11

In violation of Title 15, United States Code, Section 78dd-2 and Title 18, United States Code, Section 2.

## COUNTS 6-7
## MONEY LAUNDERING
## (18 U.S.C. § 1956(a)(2)(A))

1. The allegations set forth in the General Allegations section of this Superseding Indictment and the allegations in paragraphs 3 through 9 and Overt Acts 1 through 7 of Count 1 are re-alleged and incorporated by reference as if fully set forth here.

2. On or about the dates set forth below, in the Southern District of Florida and elsewhere, the defendant,

**FRANK ROBERTO CHATBURN RIPALDA,**

knowingly transported, transmitted, and transferred a monetary instrument and funds to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 15, United States Code, Section 78dd-2, and in violation of the Ecuadorian Penal Code prohibiting bribery of a public official, as follows:

| COUNT | APPROX. DATE OF TRANSACTION | MEANS AND INSTRUMENTALITIES OF INTERSTATE AND FOREIGN COMMERCE |
|---|---|---|
| 6 | February 27, 2013 | FRANK ROBERTO CHATBURN RIPALDA caused and aided and abetted the wire transfer of $700,000 from Intermediary Company's Cayman Islands account to a U.S. bank account in Miami, Florida in the name of a Miami-based intermediary company designated by PetroEcuador Official to promote the carrying on of the bribery scheme. |
| 7 | May 8, 2014 | FRANK ROBERTO CHATBURN RIPALDA caused and aided and abetted the wire transfer of approximately $620,080 from Denfield's bank account in Panama to a U.S. bank account in Miami, Florinda in the name of law firm based in Miami, Florida to promote the carrying on of the bribery scheme. |

In violation of Title 18, United States Code Sections 1956(a)(2)(A) and 2.

## COUNTS 8-9
## MONEY LAUNDERING
## (18 U.S.C. § 1956(a)(1)(B)(i))

1. The allegations set forth in the General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as if fully set forth here.

2. On or about the dates set forth below, in the Southern District of Florida and elsewhere, the defendant,

**FRANK ROBERTO CHATBURN RIPALDA,**

knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, which transaction and attempted transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction and attempted transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of the Ecuadorian Penal Code prohibiting bribery of a public official, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) as follows:

| COUNT | APPROX. DATE OF TRANSACTION | MEANS AND INSTRUMENTALITIES OF INTERSTATE AND FOREIGN COMMERCE |
|---|---|---|
| 8 | April 23, 2014 | **FRANK ROBERTO CHATBURN RIPALDA,** while in the Southern District of Florida, caused and aided and abetted the wire transfer of $340,000 from Intermediary Company's Cayman Islands account to the Swiss bank account in the name of Panamanian Shell Company 1 designated by Ecuador Senior Official to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity. |

| 9 | September 1, 2015 | **FRANK ROBERTO CHATBURN RIPALDA** caused and aided and abetted the wire transfer of approximately $349,805 from Panamanian Shell Company 2 to a U.S. bank account in Miami, Florida in the name of Financial Company, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity. |

In violation of Title 18, United States Code §§ 1956(a)(1)(B)(i) and 2.

## FORFEITURE
## (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1))

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **FRANK ROBERTO CHATBURN RIPALDA**, has an interest.

2. Upon conviction of a violation of Title 15, United States Code, Sections 78dd-2 and/or 78dd-3, or conspiracy to commit such offense, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), which is made criminally applicable by Title 28, United States Code, Section 2461(c).

3. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that is involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. If any property subject to forfeiture, as a result of any act or omission of the defendant,

      a. cannot be located upon the exercise of due diligence,

      b. has been transferred or sold to, or deposited with, a third party,

      c. has been placed beyond the jurisdiction of the Court,

      d. has been substantially diminished in value, or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

    5. The substitute property subject to forfeiture includes, but is not limited to:

      (i) Real property located at 321 W. Rivo Alto Dr., Miami Beach, FL 33139; and

      (ii) Real property located at 2627 S. Bayshore Dr., Unit 1006, Miami, FL 33133.

All pursuant to Title 18, United States Code, Section 982(a)(1) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2462(c).

A TRUE BILL.

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
KAREN E. ROCHLIN
ASSISTANT UNITED STATES ATTORNEY

SANDRA L. MOSER, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By: _____
LORINDA LARYEA, ASSISTANT CHIEF
DAVID FUHR, TRIAL ATTORNEY
KATHERINE RAUT, TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION

DEBORAH L. CONNOR, CHIEF
CRIMINAL DIVISION, MONEY LAUNDERING
& ASSET RECOVERY SECTION
U.S. DEPARTMENT OF JUSTICE

By: _____
RANDALL WARDEN, TRIAL ATTORNEY
MARY ANN MCCARTHY, TRIAL ATTORNEY
CRIMINAL DIVISION, MONEY LAUNDERING
& ASSET RECOVERY SECTION
U. S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

FRANK ROBERTO CHATBURN RIPALDA

_____
Defendant.          /

CASE NO. 18-CR-20312-MGC(s)

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ✓ Miami
- ___ FTL
- ___ Key West
- ___ WPB   ___ FTP

New defendant(s)        Yes ___   No ✓
Number of new defendants        0
Total number of counts        9

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect    _____

4. This case will take __10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days       ___
   II   6 to 10 days      ✓
   III  11 to 20 days     ___
   IV   21 to 60 days     ___
   V    61 days and over  ___

   (Check only one)
   Petty    ___
   Minor    ___
   Misdem.  ___
   Felony   ✓

6. Has this case previously been filed in this District Court?    (Yes or No)    Yes
   If yes: Judge Cooke    Case No. 18-CR-20312-MGC
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    No
   If yes: Magistrate Case No.    _____
   Related miscellaneous numbers:    _____
   Defendant(s) in federal custody as of    _____
   Defendant(s) in state custody as of    _____
   Rule 20 from the District of    _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?    Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    Yes ___   No ✓

_____
KAREN E. ROCHLIN
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500050

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: FRANK ROBERTO CHATBURN RIPALDA

**Case No**: 18-20312-CR-COOKE(s)

Count #1:

Conspiracy to Violate the FCPA

Title 18, United States Code, 371

**\*Max. Penalty:** Five (5) years' imprisonment

Counts #2-3:

Conspiracy to Commit Money Laundering

Title 18, United States Code, 1956(h)

**\*Max. Penalty:** Twenty (20) years' imprisonment as to each count

Counts #4-5:

Foreign Corrupt Practices Act

Title 15, United States Code, 78dd-2

**\*Max. Penalty:** Five (5) years' imprisonment as to each count

Counts #6-7:

Money Laundering

Title 18, United States Code, 1956(a)(2)(A)

**\*Max. Penalty:** Twenty (20) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Counts #8-9:

Money Laundering

Title 18, United States Code, 1956(a)(1)(B)(i)

**\*Max. Penalty:** Twenty (20) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**