UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20312-CR-COOKE

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

FRANK CHATBURN RIPALDA,

    *Defendant*.

_____/

## DEFENDANT'S MOTION TO DISMISS COUNT 4 OF THE INDICTMENT OR, IN THE ALTERNATIVE, FOR AN EVIDENTIARY HEARING

Defendant, Frank Chatburn, files this motion to dismiss count 4 of his Indictment under Federal Rule of Criminal Procedure 12(b) because the count is time-barred by the statute of limitations. Count 4 of the indictment charges Mr. Chatburn with money laundering and is based on a $700,000.00 wire transfer made on February 27, 2013 from a bank account in the Cayman Islands to a bank account in the United States. (D.E. 3 at 9-10). The statute of limitations for money laundering is 5 years, and therefore expired on February 27, 2018. *See* 18 U.S.C. § 3282(a) (providing that an indictment must be returned for any offense other than a capital offense "within five years next after such offense shall have been committed"). Mr. Chatburn was indicted on April 19, 2018 - approximately two months after the limitations period expired. (D.E. 3, Indictment at 1). "[C]riminal

limitations statutes are 'to be liberally interpreted in favor of repose.'" *Toussie v. United States,* 397 U.S. 112, 115 (1970) (citing *United States v. Scharton*, 285 U.S. 518, 522 (1932)).

Although the government filed a motion on December 28, 2017 seeking to suspend the statute of limitations under 18 U.S.C. § 3292 on the basis that it had requested information from Panama under a Mutual Legal Assistance Treaty ("MLAT"), it does not appear the government can avail itself of the statute's limitations suspension provision. *See* Exhibit 1 at 5 ¶13 (filed under seal), *Ex Parte* Application for Suspension of Running of the Statute of Limitations. Title 18 U.S.C. § 3292 provides:

> Upon application of the United States, filed before return of an indictment, *indicating that evidence of an offense is in a foreign country*, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, *that such evidence is, or was, in such foreign country*.

(emphasis added).

First, this provision does not support suspension of the limitations period because it appears that, at the time of the Application, the government was not awaiting foreign records relevant to count 4. Count 4 pertains to a wire transfer from

a Cayman Islands bank account to a United States bank account. The evidence relevant to count 4 is presumably in the Cayman Islands and in the United States, not Panama. None of the information requested from Panama appears to be relevant to count 4. *See* Exhibit 1 at 12, MLAT request to Panama (filed under seal). A statute of limitation cannot be suspended under 18 U.S.C. § 3292 based on a request for records irrelevant to the offense charged in the count that is time-barred. The plain text of 18 U.S.C. § 3292 is offense-specific: "Upon application of the United States . . . indicating that *evidence of an offense* is in a foreign country, the district court . . . shall suspend the running of the statute of limitations *for the offense*." *See United States v. Castroneves*, 2009 WL 528251, No. 08–20916–CR, at *3 (S.D. Fla. Mar 2, 2009) (concluding that 18 U.S.C. § 3292 is offense-specific). Thus, a request for evidence from a foreign country that does not relate to the offense charged in the count that is time-barred cannot toll the statute of limitations for that count.

    Second, undersigned counsel has not seen any discovery (though discovery in this case is incredibly voluminous) showing that any documents at all were received from Panama after the filing of the motion to suspend the statute of limitations. A statute of limitations cannot be suspended under 18 U.S.C. § 3292 if the government already has in its possession the documents requested under the MLAT. *See United States v. Atiyeh*, 402 F.3d 354, 362-367 (3rd Cir. 2005)

3

(concluding that a district court may not enter an order suspending the statute of limitations when the government files its application after it has received the documents requested from a foreign government).

Special Agent Mario Tariche's sworn declaration attached to the Application states that the government is waiting to receive documents from Panama. But the agent provides no details as to what remains to be received from Panama. The agent's broad, unsupported, conclusory claim is not sufficient to toll the statute of limitations.

Therefore, Mr. Chatburn moves to dismiss count 4 of the Indictment or, in the alternative, for an evidentiary hearing to examine the basis for the agent's claim.

A copy of this motion was emailed to the government. Government counsel has advised that they object to the motion.

Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421
Fax (305) 358-2006
E-mail: HSrebnick@royblack.com

/s/ Rossana Arteaga-Gomez
**HOWARD SREBNICK, ESQ.**
Fla. Bar No. 0919063
**ROSSANA ARTEAGA-GOMEZ, ESQ.**
Fla. Bar No. 0014932

5